UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **HECTOR FERNANDEZ,** <br><br> **PLAINTIFF,** <br><br> V. <br><br> **DEWBERRY ENGINEERS, INC.; DEWBERRY AND DAVIS, INC., THE DEWBERRY COMPANIES, INC.; COMPANIES A, B & C; INSURANCE COMPANIES D, E & , JOHN DOE AND JANE DOE** <br><br> **DEFENDANTS,** | **CIVIL NO.** <br><br><br><br><br><br> WAGE CLAIM UNDER FAIR LABOR STANDARDS ACT <br><br><br><br><br><br> JURY TRIAL DEMANDAD |

**COMPLAINT**

**TO THE HONORABLE COURT:**

**COMES NOW**, Hector Fernandez ("Hector" and/or "Plaintiff" or "Claimant"), through the undersigned counsel, and very respectfully states and prays to this Honorable Commission as follows:

**NATURE OF THE ACTION AND JURISDICTION**

The instant action is brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. ("FLSA"), to seek compensation for defendant's failure to properly compensate Plaintiff for rendered services, pretextually classifying him as an exempt status, yet compensating him as an non-exempt employee in violation of the salary basis test set forth in 29 CFR Part 541. Plaintiff seeks the following: back wages for illegally docking Plaintiff's compensation, overtime premiums for hours worked over forty (40) in a week, wages for company mandated travel time that should have been compensated, interests, attorney's fees, and costs.

1. This Court has subject-matter jurisdiction over this action under 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction".

2. Venue is proper in this district pursuant to 28 U.S.C. 1391 (b)(2) inasmuch as Plaintiff's was engaged to work in Puerto Rico.

3. Plaintiff demands that all causes of action be tried before a jury.

## THE PARTIES

4. Plaintiff Hector Fernandez is a United States Citizen and resident of Marco Island, Florida. Hector began working for Defendants on April 5, 2018 as an "Emergency Management Specialist".

5. Co-defendant Dewberry Engineers, Inc. (hereinafter, "DEI") was the Plaintiff's employer, and it is a corporation with the ability to sue and be sued. DEI is a foreign corporation authorized to conduct business in the jurisdiction of Puerto Rico. DEI's registration number is 15026. DEI's corporate resident agent and designated office are Fast Solutions, LLC, Citi Tower, 252 Ponce de León, 20th Floor, San Juan, PR 00918. According to the most recent information that available in the Registry of Corporations of the Puerto Rico Department of State, DEI is an active corporation in good status. DEI was the corporate entity that hired Plaintiff to perform employment services in Puerto Rico. Even though DEI hired Plaintiff, it was not the entity that paid the Plaintiff's wages. Plaintiff's wages were paid by the co-defendant Dewberry and Davis, Inc.

6. Upon information and belief, Dewberry and Davis, Inc. (hereinafter, "DDI") is a corporation based in the state of Virginia and is not authorized to conduct business in Puerto Rico. According to the Dunn & Bradstreet registry, DDI's main office is 8401 Arlington Blvd., Fairfax,

VA 22031-4100 and the resident agent's address is Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA, 23219-4100. DDI paid Plaintiff's wages. Hereinafter, DEI and DDI are jointly referred to as "Co-Employers").

7. For all legal purposes, DEI and DDI were Plaintiff's joint employers and/or co-employers, and both are liable to Plaintiff jointly and severally, for the causes of action of this Complaint. DEI and DDI are affiliated corporations and are wholly owned subsidiaries of the same parent entity, Dewberry Companies, Inc. ("DCI"). DCI is a corporate entity based in the state of Virginia that is not authorized to conduct business in the jurisdiction of Puerto Rico. Upon information and belief, DEI and DDI engage in business indistinctly in Puerto Rico and they routinely exchange personnel with each other. Upon information and belief, they also share the same policies and procedures, and they manage their businesses in an integrated way.

8. DCI, as the parent company of DEI and DDI, is also jointly and severally liable with these entities, as co-employer and/or joint employer. According to the Dun & Bradstreet registry, DEI's main office is 8401 Arlington Blvd. Fairfax, VA, 22031-4619 and the adress of the resident agent is Corporation Service Company, 100 Shockoe Slip Fl 2, Richmond, VA, 23219-4100.

9. John and Jane Doe are natural or juridical persons whose identity is unknown at this time and that could be legally liable for the causes of action of this Complaint.

10. Insurance Companies A, B, and C, and Insurance Companies D, E and F are entities whose identity is unknown at this time, that may have issued insurance policies that cover some or all of the risks arising from the causes of action invoked in this Complaint.

**COMMON FACTS TO ALL CAUSES OF ACTION**

11. In the aftermath of the devastating impact of Hurricane Maria in 2017, the Federal

Emergency Management Agency (hereinafter, "FEMA") employed several contractors to assist in the disaster relief process.

12. DEI and DDI were among several contractors that FEMA engaged to conduct disaster relief services in Puerto Rico.

13. On April 5, 2018, Dewberry engaged Plaintiff as an "Emergency Management Specialist" in the NISTAC FEMA Public Assistance Technical Assistance Contract ("PATAC"), contract HSFEHQ-12-D0882 (the "Contract") to work in Puerto Rico.

14. From April 2018 through April 2019, Plaintiff provided services related to Contract work in Puerto Rico. His duties consisted mainly of assisting in the appraisal of Puerto Rico government facilities that suffered damages on account of the onslaught of Hurricane Maria in September 2017.

15. Plaintiff's engagement letter by DEI purportedly classified him as a Category 5 part time exempt employee. As an exempt employee, Plaintiff should have been compensated with a fixed weekly rate in compliance with the "salary basis test" set forth in 29 CFR Part 541.

16. Notwithstanding Plaintiff's purported classification as an exempt employee, Dewberry has a systematic policy of not compensating exempt employees, including Plaintiff, in compliance with the salary basis test. For example, there were numerous workweeks where Plaintiff performed work but was not compensated with the fixed weekly rate. In other words, his pay was docked. These improper docking events occurred particularly in workweeks where for reasons attributable to the business, Plaintiff's rotation time cut into the workweek. Also, in weeks with Holidays where Dewberry did not operate, Plaintiff did not receive pay for the Holiday in question.

17. Because Dewberry did not comply with the "salary basis test" with Plaintiff's compensation, he was improperly classified as an exempt employee, when in fact he was being paid on an hourly basis, as a non-exempt employee. As a non-exempt employee under the FLSA Dewberry is liable to Plaintiff for all hours worked more than forty (40) hours in any given workweek, and for all non-compensated work time.

18. On average, Plaintiff worked a fifty (50) hour workweek once he arrived to Dewberry's facilities situated in the Amelia Ward of Guaynabo. Dewberry did not compensate worked over forty (40) in a week at the legally required premium of time and one half (1.5).

19. On a daily basis during the workweek, Dewberry required Plaintiff to report to a central station in the Convention Center in Miramar and from there be transported in a company operated shuttle to the work facilities in the Amelia Ward of Guaynabo. At the end of the work shift, Plaintiff was required to take the Company operated shuttle back to the Convention Center, where he would retrieve his motor vehicle and drive to his home. This daily mandated commute on the company shuttle, where in many instances Plaintiff had to wait up to thirty (30) minutes for the shuttle to arrive to the Convention Center in the morning or to Guaynabo in the afternoon, added an average of one (1) hour and a half (1.5) to the workday, and it was not compensated.

20. Plaintiff did not live far from Dewberry's facilities in Guaynabo, and he preferred to commute directly to the worksite, as it would save him time. Plaintiff located a commercial parking lot contiguous to Dewberry's facilities, and he was willing in renting a space and paying the parking fee at his own expense. He requested permission from Dewberry to facilitate that he rent a parking space. Plaintiff could not to this directly with the parking lot operator, because they contracted only with commercial tenants, such as Dewberry. Dewberry expressly denied Plaintiff the alternative to drive to work directly and rent a parking space at his own cost, and reiterated that

per company policies he had to report to the central station in Miramar and from there arrive to Dewberry's facilities in the company operated shuttle service.

21. In light of these circumstances, and as per FLSA authority, Plaintiff is entitled to be compensated for the travel and wait time that he engaged on account of Dewberry's mandated policy of reporting to the central station in Miramar on a daily basis.

## CAUSES OF ACTION

1. Plaintiff repeats and re-alleges each preceding allegation as if fully set herein.

2. Dewberry is liable to plaintiff for all wages due on account of their improper misclassification of his status as an exempt employee, when as a matter of law, he was truly a non-exempt employee because Defendants did not comply with the "salary basis test" set forth in 29 CFP Part 541.

3. The Fair Labor Standards Act mandates that all hours worked by the Plaintiff in excess of forty (40) regular hours in the workweek, must be compensated at 1.5 times his hourly regular rate. Under this count of the claim, Dewberry owes Plaintiff a half time (.5x) penalty rate of (10) hours per week. At his regular rate of $75.00 per hour, this underpayment amounts to $375.00 per week, for a total of $17, 625.00 for the 47 workweeks he worked from April 2018 to April 2019.

4. As to travel and wait time, Plaintiff is entitled to 1.5 hours per day at 1.5 times his hourly regular rate for each workweek he worked in Puerto Rico. To wit, this travel time must be considered as compensable work time, which was not compensated and would forcefully cause Plaintiff to work over the forty (40) regular weekly hours threshold. At his regular hourly rate of $75.00 per hour, this uncompensated worktime amounts to $843.75 week, for a total of $39,656.25

for the forty-seven (47) weeks in which he worked in Puerto Rico from April 2018 through April 2019.

5. The sum of both claims is conservatively estimated in the amount of no less than $57, 281.25.

### PRAYER AND RELIEF

**WHEREFORE**, Plaintiff Hector Fernandez respectfully requests that this Honorable Court to grant the instant Complaint, and therefore:

2. Award Claimant back wages in an amount of not less than $60,000.00;

3. Award Plaintiff legal interests on the amount of the back wages granted;

4. Award Plaintiff legal fees and costs incurred in this process.

### JURY TIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, on this 23rd day of April 2021.

**S/ ALCIDES REYES -GILESTRA**
USDC PR No. 211213
PO Box 195036
San Juan, PR  00919-5036
Tel. 787-998-0600
Mobile. 787-309-7295
e-mail: areyes@arglaw.net